IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JULIE AMANDA SHELTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 3:15-CV-104-MSH |
| | : Social Security Appeal |
| CAROLYN W. COLVIN, | : |
| Acting Commissioner of | : |
| Social Security, | : |
| | : |
| Defendant. | : |

**ORDER**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and Supplemental Security Income ("SSI"), finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to

seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered

---

October 1, 1981.

separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUE

**Whether the ALJ's erred in failing to find that Plaintiff's intellectual disability meets the requirements of Listing 12.05B.**

## Administrative Proceedings

Plaintiff Julie Amanda Shelton filed applications for disability insurance benefits and supplemental security income on December 3, 2013, alleging that she has been disabled to work since September 1, 2013. Her claims were denied initially on March 17, 2014 and denied on reconsideration on July 25, 2014. She requested an evidentiary hearing before an administrative law judge (ALJ) on August 4, 2014 which was conducted on November 13, 2014. Plaintiff was represented by an attorney and testified at the hearing. Tr. 18. On May 18, 2015, the ALJ issued an "unfavorable" decision denying her claims. Tr. 15-34. She next sought review by the Appeals Council on June 11, 2015, but her request was denied on August 27, 2015. Tr. 12-14, 1-4. Having exhausted the administrative remedies available to her under the Social Security Act, she now seeks judicial review of the final decision by the Commissioner to deny her claims for benefits.

## Statement of Facts and Evidence

When the ALJ issued her decision in this case, Plaintiff was thirty eight years old and classified as a "younger individual." She participated in special education classes and did not graduate from high school. Tr. 69-70, 230. Her applications indicate that she

cannot read or write. Tr. 228. She worked with her father—in construction, primarily painting—from 2000 until his retirement in 2013. After his retirement, she did not work further but filed applications for disability insurance benefits and supplemental security income, contending that she could no longer work due to back, knee and hand disorders, poor vision, peritonsillar abscess and attention deficit and bipolar disorders. She did not claim disability due to mental retardation, borderline intellectual functioning or other intellectual disability. Tr. 228-230. The medical history prior to her filings shows occasional treatment at Athens Regional Medical Center from 2004 through early 2014. Tr. 357-651, 693. She also has a history of polysubstance abuse, including alcohol and cocaine. Tr. 434-452, 528, 570, 613. The ALJ determined Plaintiff's alcohol and drug abuse to be severe impairments, but not themselves material to any of the ALJ's findings in this case—although Plaintiff was hospitalized for acute alcohol withdrawal from November 28, 2012 until December 6, 2012. Finding No. 3, Tr. 20-21, Ex. 9F. As part of the administrative process Plaintiff underwent consultative examinations by Stephen Schacher, M.D., on February 10, 2014 (Ex. 6F) and John Grace, PhD., on June 30, 2014.

The ALJ found that Plaintiff meets the insured status requirements for disability insurance benefits through December 31, 2018 and has not engaged in substantial gainful activity since her alleged onset date of September 1, 2013. Findings 1 & 2, Tr. 20. The ALJ determined that Plaintiff has severe impairments of alcohol dependence (not material), major depressive, bipolar, post-traumatic stress, intermittent explosive and obsessive compulsive disorders, borderline intellectual functioning and low back, left wrist and right knee pain. Finding No. 2, Tr. 20-21. However, the ALJ further

5

determined at step three of the evaluation process that these severe impairments neither met nor medically equaled the criteria of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1 when considered either alone or in combination.  Finding No. 4, Tr. 21-22.  In formulating the residual functional capacity assessment ("RFC") for Plaintiff between steps three and four, the ALJ found her to be capable of engaging in medium work (20 C.F.R. §§ 404.1567(c) and 416.967(c)) with both exertional and non-exertional limitations added to account for her severe impairments.  Finding No. 5, Tr. 22-27.  Next, the ALJ decided at step four that her RFC did not permit her to resume her past relevant work.  Finding No. 6, Tr. 27.  Therefore, the ALJ developed testimony from an impartial vocational expert ("VE") at step five that there are jobs available in the national economy which she can perform within her restricted RFC. The ALJ found her to have the ability to work as a linen room attendant, coffee maker or packing floor worker and established the availability of such jobs nationally and regionally.  Finding No. 10, Tr. 28.  Thus, the ALJ found Plaintiff to be not disabled to work and her applications for benefits were denied.  Finding No. 11, Tr. 28-29.

## DISCUSSION

Plaintiff's brief on appeal presents a single issue. She asserts that "(u)ltimately, the ALJ's error in this case is that she failed to properly consider (Plaintiff's) intellectual impairment with respect to Listing 12.05." Pl.'s Br. 12, ECF No. 13.  It is her contention that because the record contains an undisputed qualifying IQ score of 59, she is presumptively disabled and the ALJ was required to find her disabled at step three of the

five step sequential evaluation process for determining disability to work without regard to any residual functional capacity assessment. *Id.* at 12-13.

As a threshold matter, the Court notes that Plaintiff did not allege disability based on an intellectual impairment. Tr. 229-247. Except for the consultative psychological examination performed on June 30, 2014 by Dr. John Grace, there is no medical evidence establishing that Plaintiff has any intellectual impairment.[3] Dr. Grace did not diagnose or opine that Plaintiff is mentally retarded—what the Commissioner now calls in Listing 12.05 "intellectual disability." Instead, he characterized her impairment as "borderline intellectual functioning." Tr. 657-658.

To meet a listing, the alleged impairment must meet all of the specified medical criteria set forth in the listing. For Listing 12.05, a claimant must prove that she meets the diagnostic description found in the introductory paragraph and one of the four criteria set forth for severity of the mental disorder. 20 C.F.R. Part 404, Subpart P, app. 1, Sec. 12.00A; *Smith v. Comm'r of Soc. Sec.,* 535 F. App'x 894 (11th Cir. 2013). The Eleventh Circuit has held that intellectual disability or mental retardation is not the same impairment as borderline intellectual functioning. *Harris v. Comm'r of Soc. Sec.*, 330 F. App'x 813, 815 (11th Cir. 2009). Intellectual disability requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning." *Id.*

---

[3] In his clinical examination, Dr. Grace found Plaintiff to be "well adapted to the work settings. She could perform assigned tasks and duties adequately." He noted that she expressed a willingness to work and affirmed that she can manage an eight-hour workday with two or three breaks. Tr. 653. She worked in construction with her father from 2003 until 2013 and terminated the employment, not because of any inability to continue the work, but because her father retired. Tr. 38.

Because there is no evidence in the record that Plaintiff has been diagnosed as having intellectual disability, she does not meet the criteria for presumptive disability under Listing 12.05. Plaintiff's argument is without merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 18th day of November, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE